## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID R. EMERSON,
*Appellant.*

(85-0258; CA A38918)

739 P2d 1079

Guy B. Greco, Newport, argued the cause for appellant. With him on the brief was Greco & Escobar, Newport.

Carol Munson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Defendant appeals from the trial court's denial of his motion to dismiss on the basis of former jeopardy. We affirm.

Defendant was divorced in Oregon in 1974 and was ordered to pay child support of $100 per month. After the divorce, he moved to Washington. On April 26, 1983, he was held in contempt in Washington for failure to pay child support. The court ordered him to pay $100 per month in current support, sentenced him to 30 days in jail, which was suspended, found him $4,895 in arrears through April 30, 1983, and ordered him to appear at a future date to establish a payment schedule on the arrearages.

On January 10, 1985, defendant was again held in contempt in Washington for failure to pay child support. The court sentenced him "to 30 days in jail suspended on condition that defendant post cash [bail] in the amount of $1500.00[,] pay current child support in the amount of $100.00 per month commencing January 1985 and follow all orders of this court." The court also found him $6,695 in arrears through December 31, 1984, and again ordered him to appear at a future date to establish a payment schedule on the arrearage.

On February 20, 1985, defendant was indicted in Oregon for nonsupport in violation of ORS 163.555. He filed a motion to dismiss, contending that the January, 1985, Washington contempt proceeding was a criminal prosecution and, therefore, that the Oregon criminal nonsupport charge was barred on the basis of former jeopardy under ORS 131.515, Article I, section 12, of the Oregon Constitution and the Fifth Amendment. The court denied the motion, and defendant was convicted on stipulated facts. He appeals and assigns as error the trial court's denial of his motion.

■ Assuming that the Washington contempt proceeding was criminal, we must first decide whether the Oregon criminal nonsupport proceeding violates the former jeopardy statute, ORS 131.515, which provides, in part:

"Except as provided in ORS 131.525 and 131.535:

"(1) No person shall be prosecuted twice for the same offense.

"(2) No person shall be separately prosecuted for two or

more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecuter at the time of commencement of the first prosecution and establish proper venue in a single court."

"Prosecuted for an offense" is defined as:

"charged therewith by an accusatory instrument filed in any court *of this state* or in any court of any political subdivision *of this state*, * * *." ORS 131.505(5). (Emphasis supplied.)

Because the charges were filed in courts of different states, the Oregon nonsupport proceeding does not violate the statute. *State v. Alexander,* 44 Or App 557, 567, 607 P2d 181 (1979), *aff'd* 289 Or 743, 617 P2d 1376 (1980).

■ We next examine defendant's contention that Article I, section 12, precludes the prosecution on the basis of former jeopardy.[1] Article I, section 12, provides, in part:

"No person shall be put in jeopardy twice for the same offence [*sic*] * * *."

The dual sovereign situation, in which two states criminally prosecute an individual under their respective laws for conduct that, apart from the fact that it violates the laws of each state, would be the same "offense" for purposes of former jeopardy, has never been discussed in the context of Oregon's constitution and has only recently been decided under the federal constitution. *Heath v. Alabama,* 474 US ___, 88 L Ed 2d 387, 106 S Ct 433 (1985); *see also State v. Alexander, supra.*

In *Heath,* the Court held that the Fifth Amendment does not bar the State of Alabama from prosecuting an individual for the capital offense of murder during a kidnapping when the same conduct had previously resulted in a conviction for murder in the State of Georgia. The court reasoned that states are sovereign entities, because each derives its authority to punish criminal offenses from different sources of power, that is, the organic law establishing each state and preserved by the Tenth Amendment. *United States v. Lanza,* 260 US 377, 382, 67 L Ed 314, 43 S Ct 141 (1922). Thus, when a single

---

[1] We assume for the sake of discussion that the contempt possesses sufficient characteristics of criminality to be an offense under Article I, section 12, and the Fifth Amendment.

act violates the laws of two states, the actor has in fact committed two separate "offenses" and is therefore not put in jeopardy by two prosecutions, one by each state, for the act.

*Heath* is persuasive in our interpretation of the Oregon Constitution. Nothing in Article I, section 12, precludes Oregon or its political subdivisions from prosecuting an individual for violating its laws simply because Washington has previously prosecuted that person for the same conduct. Conduct that violates the laws of two different states constitutes two distinct "offenses" under Article I, section 12. The Oregon prosecution is not barred by that provision or by the Fifth Amendment.[2]

Affirmed.

---

[2] Because of this conclusion, we need not decide whether the two prosecutions involved the same acts and the same evidence. *State v. Alexander, supra.*